**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term
Grand Jury Sworn in on May 3, 2018**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **JOHAN LORENZO RODRIGUEZ,** | : | **VIOLATIONS:** |
| | : | |
| a/k/a "mie2soft," | : | **18 U.S.C. § 1344(2)** |
| a/k/a "John Loren" | : | **(Bank Fraud)** |
| | : | |
| Defendant. | : | **18 U.S.C. § 1343** |
| | : | **(Wire Fraud)** |
| | : | |
| | : | **18 U.S.C. § 1029(a)(2)** |
| | : | **(Access Device Fraud)** |
| | : | |
| | : | **18 U.S.C. § 1029(a)(3)** |
| | : | **(Access Device Fraud)** |
| | : | |
| | : | **18 U.S.C. § 1028A(a)(1)** |
| | : | **(Aggravated Identity Theft)** |
| | : | |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting)** |
| | : | |
| | : | **Criminal Forfeiture:** |
| | : | **18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A),** |
| | : | **(B), 1029(c)(1)(C)); 21 U.S.C. § 853(p); 28** |
| | : | **U.S.C. § 2461(c);** |

**INDICTMENT**

The Grand Jury charges that:

**INTRODUCTION**

At times material to this indictment:

1

1. Defendant JOHAN LORENZO RODRIGUEZ ("RODRIGUEZ"), also known as "mie2soft," also known as "John Loren," was a citizen and resident of the Dominican Republic.

2. RODRIGUEZ had no known residence or past residence in the United States.

3. "Personally identifiable information" ("PII") was a term that referred to people's names, social security numbers, dates of birth, addresses, phone numbers, bank account numbers, bank routing numbers, bank account information, and online account usernames and passwords.

4. Marketplace A, whose identity is known to the Grand Jury, was an online marketplace dedicated to the sale of stolen login credentials that enable access to online accounts, including but not limited to accounts provided by financial institutions, online payment providers, and retailers. Notwithstanding the unlawful nature of the transactions that it facilitated, Marketplace A otherwise operated like many online marketplaces, such as eBay or Amazon Marketplace, which allow third parties to create vendor accounts, and to sell goods and services. Marketplace A allowed vendors to sell login credentials and related PII; to communicate with prospective buyers; and to receive payments through Marketplace A as an intermediary. The administrator(s) of Marketplace A obtained fees from a percentage of sales.

5. Marketplace B, whose identity is known to the Grand Jury, was an online marketplace dedicated to the sale of stolen login credentials that enable access to online accounts, including but not limited to accounts provided by financial institutions, online payment providers, and retailers. Notwithstanding the unlawful nature of the transactions that it facilitated, Marketplace B otherwise operated like many online marketplaces, such as eBay or Amazon Marketplace, which allow third parties to create vendor accounts, and to sell goods and services. Marketplace B allowed vendors to sell login credentials and related PII; to communicate with

prospective buyers; and to receive payments through Marketplace B as an intermediary. The administrator(s) of Marketplace B obtained fees from a percentage of sales.

6. Bank A, whose identity is known to the Grand Jury, was a financial institution within the meaning of Title 18, United States Code, Section 20, having accounts insured by the Federal Deposit Insurance Corporation, with its principal place of business located in Georgia.

7. Telecommunications Company B, whose identity is known to the Grand Jury, was a communications company based in Kansas.

8. Telecommunications Company C, whose identity is known to the Grand Jury, was a communications company based in Texas.

### The Scheme

9. In or about January 2014, having previously conceived of a criminal scheme to profit from the fraudulent use of stolen login credentials, which scheme necessarily involved Bank Fraud, Wire Fraud, Access Device Fraud, and Aggravated Identity Theft, RODRIGUEZ registered for a Marketplace A account. RODRIGUEZ obtained his Marketplace A account with the moniker "mie2soft."

10. In or about April 2016, having previously conceived of a criminal scheme to profit from the fraudulent use of stolen login credentials, which scheme necessarily involved Bank Fraud, Wire Fraud, Access Device Fraud, and Aggravated Identity Theft, RODRIGUEZ registered for a Marketplace B account. RODRIGUEZ obtained his Marketplace B account with the moniker "mie2soft."

11. During the period from October 2015 through at least September 2016, RODRIGUEZ executed his criminal scheme by unlawfully obtaining login credentials and other

PII related to accounts provided by Bank A; by unlawfully possessing said login credentials and PII with the intent to sell or otherwise profit from said credentials; by unlawfully selling stolen login credentials and PII through the Marketplace A and Marketplace B websites; and by purposefully enabling his customers to access stolen online accounts in order to steal from Bank A.

12. During the course of the scheme, continuing through at least December 2017, it was part of the scheme that RODRIGUEZ visited, used, and registered accounts with, websites that were devoted to criminal activities, in particular websites devoted to criminal schemes involving the fraudulent use of stolen login credentials. RODRIGUEZ used these websites, together with the moniker "mie2soft," among other things, to establish a reputation for the moniker "mie2soft," to promote his ability to sell stolen login credentials for online bank accounts and other online accounts, and to identity prospective customers who were interested in buying stolen credentials.

13. During the period from December 2015 through at least February 2017, RODRIGUEZ executed his criminal scheme by unlawfully purchasing stolen login credentials and related PII concerning online accounts provided by Telecommunications Companies B and C, as well as other online providers, and by possessing said login credentials with fraudulent intent, for the purpose of profiting from the unlawful possession of said login credentials.

14. It was part of the scheme that RODRIGUEZ and the administrator(s) of Marketplace A and Marketplace B used online digital currencies to send, receive, and distribute payments for the purchase and sale of login credentials and related PII that enabled their purchasers to access the relevant accounts.

## COUNT ONE
### (Bank Fraud)

15. Paragraphs 1 through 14 are re-alleged here.

16. Between about January 2014 and about December 2017, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ knowingly devised and intended to devise, and aided and abetted others in devising, a scheme and artifice to defraud Bank A, and other United States financial institutions, and to obtain moneys, funds, credits, assets, securities or other property owned or under the custody or control of Bank A and other United States financial institutions, by means of materially false or fraudulent pretenses, representations, or promises.

17. On or about December 20, 2015, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ knowingly executed the scheme and artifice to defraud as set forth above, as more fully described in paragraphs 9 through 14, in that JOHAN LORENZO RODRIGUEZ, in exchange for payments through Marketplace A, sold login credentials for online accounts linked to bank accounts at Bank A, thereby enabling the fraudulent access to those bank accounts.

(**Bank Fraud and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 1344(2) and 2)

## COUNT TWO
**(Bank Fraud)**

18. Paragraphs 1 through 14 are re-alleged here.

19. Between about January 2014 and about December 2017, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ knowingly devised and intended to devise, and aided and abetted others in devising, a scheme and artifice to defraud Bank A and other United States financial institutions, and to obtain moneys, funds, credits, assets, securities or other property owned or under the custody

or control of Bank A and other United States financial institutions, by means of materially false or fraudulent pretenses, representations, or promises.

20. On or about July 15, 2015, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ knowingly executed the scheme and artifice to defraud as set forth above, as more fully described in paragraphs 9 through 14, in that JOHAN LORENZO RODRIGUEZ transferred, from a computer under his control to the Marketplace B website, login credentials and related PII for online accounts linked to bank accounts at Bank A, for the purposes of offering that information for sale, which would then enable fraudulent access to those bank accounts.

(**Bank Fraud and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 1344(2) and 2)

## COUNT THREE
### (Wire Fraud)

21. Paragraphs 1 through 14 are re-alleged here.

22. Between about January 2014 and about December 2017, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ knowingly devised and intended to devise, and aided and abetted others in devising, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

23. On or about December 5, 2017, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, did transmit and cause to be transmitted, by means of wire communications in interstate and

6

foreign commerce, the writings, signs, and signals which transmitted, from computers in California to a computer in the District of Columbia, advertisements for login credentials for online accounts provided by Bank A and other account providers.

**(Wire Fraud and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 1343 and 2))

## COUNT FOUR
**(Access Device Fraud)**

24.     Paragraphs 1 through 14 are re-alleged here.

25.     Between October 1, 2015, and September 30, 2016, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ, knowingly and with intent to defraud, and in a manner affecting interstate and foreign commerce by the use of interstate and foreign wire transmissions, trafficked in one or more unauthorized access devices, that is, login credentials, including usernames and associated passwords, for access to online accounts provided by Bank A, by possessing with intent to sell and by selling said access devices, and by such conduct, between October 1, 2015, and September 30, 2016, in a period of less than one year, obtained anything of value aggregating $1,000.00 or more.

(**Access Device Fraud**, in violation of Title 18, United States Code, Sections 1029(a)(2) and (c)(1)(A)(i) and (2))

## COUNT FIVE
**(Access Device Fraud)**

26.     Paragraphs 1 through 14 are re-alleged here.

27.     On or about March 16, 2016, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO

RODRIGUEZ, knowingly and with intent to defraud, possessed fifteen or more unauthorized access devices, that is, login credentials, including usernames and associated passwords, for access to online accounts provided by Telecommunications Company B, said possession affecting interstate and foreign commerce by the use of interstate and foreign wire transmissions.

(**Access Device Fraud**, in violation of Title 18, United States Code, Section 1029(a)(3), (c)(1)(A)(i) and (2))

## COUNT SIX
**(Aggravated Identity Theft)**

28. Paragraphs 1 through 14 are re-alleged here.

29. On or about April 2, 2016, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Wire Fraud, in violation of 18 U.S.C. § 1343, and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(3), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, login credentials and related PII for online accounts linked to bank accounts at Telecommunications Company B, knowing that said means of identification belonged to another actual person.

(**Aggravated Identity Theft,** in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), (5))

## COUNT SEVEN
**(Aggravated Identity Theft)**

30. Paragraphs 1 through 14 are re-alleged here.

31. On or about November 4, 2015, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO

RODRIGUEZ, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Bank Fraud, in violation of 18 U.S.C. § 1344(2), and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, login credentials and related PII for online accounts linked to bank accounts at Bank A, knowing that said means of identification belonged to another actual person.

**(Aggravated Identity Theft,** in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), (5))

## COUNT EIGHT
**(Aggravated Identity Theft)**

32.     Paragraphs 1 through 14 are re-alleged here.

33.     On or about December 20, 2015, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Bank Fraud, in violation of 18 U.S.C. § 1344(2), and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, login credentials and related PII for online accounts linked to bank accounts at Bank A, knowing that said means of identification belonged to another actual person.

**(Aggravated Identity Theft,** in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), (5))

## COUNT NINE
**(Aggravated Identity Theft)**

34.     Paragraphs 1 through 14 are re-alleged here.

35. On or about February 16, 2016, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Bank Fraud, in violation of 18 U.S.C. § 1344(2), and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, login credentials and related PII for online accounts linked to bank accounts at Bank A, knowing that said means of identification belonged to another actual person.

**(Aggravated Identity Theft,** in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), (5))

## COUNT TEN
**(Aggravated Identity Theft)**

36. Paragraphs 1 through 14 are re-alleged here.

37. On or about March 5, 2016, in the District of Columbia and elsewhere, and beginning outside of the jurisdiction of any particular State or district, JOHAN LORENZO RODRIGUEZ, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Bank Fraud, in violation of 18 U.S.C. § 1344(2), and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, login credentials and related PII for online accounts linked to bank accounts at Bank A, knowing that said means of identification belonged to another actual person.

**(Aggravated Identity Theft,** in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), (5))

**FORFEITURE ALLEGATION**

1. Upon conviction of either of the offenses alleged in Counts One and/or Two, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(A). The United States will also seek a forfeiture money judgment equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. Upon conviction of the offense alleged in Count Three, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

3. Upon conviction of either of the offenses alleged in Counts Four and/or Five the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and any personal property used or intended to be used to commit these offenses, pursuant to Title 18, United States Code, Section 1029(c)(1)(C). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these offenses, and the value of any personal property used or intended to be used to commit these offenses.

4.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), 982(a)(2)(B), and 1029(c)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
Foreperson

_____
JESSIE K. LIU
UNITED STATES ATTORNEY